SIGMUND GOLDSTEIN, ARTHUR GREENSTEIN and All Others Similarly Situated, Plaintiffs, *v.* BREHON B. SOMMERVELL, Individually and as Administrator of the Works Progress Administration for the City of New York, Defendant.

Supreme Court, Special Term, New York County, February 27, 1939.

*Sigmund Goldstein,* for the plaintiffs.

*Gregory F. Noonan, United States Attorney for the Southern District of New York [Robert E. Pratt, Assistant United States Attorney,* of counsel], for the defendant.

NOONAN, J. The plaintiffs, who are employees of the Works Progress Administration, seek a temporary injunction against the defendant, individually and as administrator of the Works Progress Administration for the City of New York, from interfering with, demoting, transferring or dismissing the plaintiffs from their employment, and also request the return of all fingerprints heretofore taken of every employee of the Works Progress

Administration for the City of New York engaged in the elementary school, adult education field activity and recreation projects. The plaintiffs, all of whom are employed on the said projects, claim that they are faced with dismissal for refusing to submit to fingerprinting and contend that the order requiring it is in violation of the Constitution and the laws of the State of New York, is arbitrary, unreasonable and discriminatory and an invasion of their personal rights.

The defendant appears specially for the sole purpose of objecting to the jurisdiction of this court over his person and the subject-matter of the action.

Pursuant to authority conferred by the Emergency Relief Appropriation Act of 1935, the President of the United States by executive order established the Works Progress Administration, which has been continued by the Emergency Relief Appropriation Acts of 1936, 1937 and 1938. An administration unit of this governmental activity has been created for the city of New York. The defendant, as administrator for the city of New York, pursuant to section 7 of the Emergency Relief Appropriation Act of 1938, promulgated certain rules and regulations with respect to the fingerprinting of " those classes of employees who have in their custody, directly or indirectly, property of the United States government and also * * * that group of male employees whose duties bring them in direct contact with children." Pointing out that the plaintiffs have not been removed from their positions, the defendant refers to the applicable regulations which provide that " If such an employee refuses to have his fingerprints taken, he will not be considered to be eligible for a position of trust and will be assigned to other duties, even though this involves a demotion."

The defendant urges that the Works Progress Administration in the City of New York is a governmental unit of the United States of America as to which the Federal government has sole jurisdiction, and that the Emergency Relief Appropriation Act contains no provision permitting suits to be brought against the United States. The proposition that the United States may not be sued without its consent is recognized by the failure to make it a party defendant.

The Works Progress Administration is a Federal agency. ( *United States* v. *Owlett*, 15 F. Supp. 736.) As such instrumentality it is immune from suit in a State court. (*Manufacturers Trust Co.* v. *Ross*, 252 App. Div. 292; *United States* v. *Owlett, supra*.) In the last cited case it was said (p. 741): " Since the Works Progress Administration is admittedly a Federal agency that agency, its employees and records, must have the same immunity which is

enjoyed by all other agencies and instrumentalities of the United States of America, such as the post office, the Army or the Navy."

The defendant is sued individually apparently on the theory that the promulgation of the rules requiring fingerprinting was a wrongful act in excess of his authority. The plaintiffs, however, cannot accomplish by indirection what they may not attempt to do by direct action. (*Transcontinental & Western Air., Inc.*, v. *Farley*, 71 F. [2d] 288; certiorari denied, 293 U. S. 603.) The court there said (p. 290): " At the outset, we must consider an initial inquiry, and that is whether this suit is one against the United States. If the interest of the United States is substantially affected, the suit cannot be maintained, since the United States cannot be made a party to such a suit without its consent. * * * Even though the United States is not joined as a formal party defendant, if its interest is so directly involved that it is the real party in interest and any relief that might be given in such a suit will operate against the sovereign, it is an indispensable party, and the suit cannot be maintained. * * * The appellant, recognizing that it may not sue the government without its consent, attempts to sue the two defendants individually on the theory that what has been done by the Postmaster General was a wrongful act in excess of his authority; therefore, since not a governmental act, he may be enjoined. But it is attempting indirectly to attack where it may not attack directly."

It is apparent from the above that this court has no jurisdiction of the person or the subject-matter. The motion is denied. Order signed.